UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KELLY WOLFGRAMM, AS ADMINISTRATOR OF THE ESTATE OF JAMES GREGG and KELLY WOLFGRAMM, INDIVIDUALLY,

                     Plaintiff,

       -against-

KEYSTONE FREIGHT CORPORATION
and TAVARES OWENS,

                     Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17 CV 914 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 31, 2019, plaintiff Kelly Wolfgramm, individually and as administrator of the Estate of James Gregg, moved for an Order by the District Court granting the authority to settle the instant action for $250,000.[1] This motion was thereafter referred to the undersigned to issue a Report and Recommendation.

DISCUSSION

On April 20, 2016, James Gregg passed away following an accident that occurred when Mr. Gregg's bicycle fell under a tractor-trailer operated by Keystone Freight Corporation ("Keystone") and Tavares Owens ("Owens"). (Wolfgramm Aff.[2] ¶ 5; Levitz Aff.[3] ¶ 6). On

---

[1] See Plaintiff's Motion for approval of the settlement, filed on July 31, 2019, along with the attachments thereto, including the Affirmation in Support by Attorney Lonny Levitz, Affidavit in Support by plaintiff Kelly Wolfgramm, Statement of Costs by Kuharski, Levitz & Giovinazzo, Esqs., Retainer Agreement entered into by plaintiff Kelly Wolfgramm and Kuharski, Levitz & Giovinazzo, Esqs., and Proposed Order, ECF No. 47.

[2] Citations to "Wolfgramm Aff." refer to the Affidavit of Kelly Wolfgramm, dated July 30, 2019.

[3] Citations to "Levitz Aff." refer to the Affirmation of Lonny Levitz, Esq., dated July 30, 2019.

January 10, 2017, Ms. Wolfgramm, wife of the decedent, was issued Letters of Testimentary with Limitations (Wolfgramm Aff. ¶ 6, Ex. 1), and suit was filed initially in the Supreme Court, Kings County. Following removal of the action to this Court on March 1, 2017, Ms. Wolfgramm retained the firm of Kuharski, Levitz & Giovinazzo, Esqs. (the "Firm") to pursue an action for negligence against defendants Keystone and Owens. (Id. ¶ 7; Levitz Aff. ¶ 4, Ex. 1).

This Court supervised discovery in the matter and held eight conferences with counsel, including several settlement conferences. When settlement appeared unlikely, the case was set for trial before the Honorable Ann Donnelly to begin on July 22, 2019. A final settlement conference was held before this Court on July 15, 2019, and on July 16, 2019, defendants made an offer to settle for the sum of $250,000. (Wolfgramm Aff. ¶ 8). On July 31, 2019, the parties filed the instant motion seeking an Order allowing Ms. Wolfgramm and the defendants to settle the matter.

## DISCUSSION

After having reviewed the motion, the Affirmation of Attorney Lonny Levits, the Affidavit of plaintiff Kelly Wolfgramm, the itemized statement of costs of the Firm, and the retainer agreement entered into by plaintiff Kelly Wolfgramm and the Firm, attached thereto, the Court respectfully recommends the following:

a. That plaintiff Kelly Wolfgramm, as administrator of the Estate of James Gregg, be authorized to settle and discontinue the claims and causes of action for conscious pain and suffering and wrongful death, as well as her individual claims;

b. That plaintiff Kelly Wolfgramm, as administrator of the Estate of James Gregg, be authorized to deliver general releases, discontinuances, and any other papers or

2

    documents that may be required to effectuate the settlement of the instant action, to defendant and/or its insurer;

c. That defendants, Keystone Freight Corporation and Tavares Owens, and/or its insurer, be directed to pay to "Kuharski, Levitz & Giovinazzo, Esqs. and Kelly Wolfgramm, as administrator of the Estate of James Gregg, and Kelly Wolfgramm, individually" the sum of **$250,000.00** within twenty-one (21) days of receipts of the closing papers;

d. That the Firm be directed to deposit the settlement proceeds into an escrow account maintained by the firm;

e. That costs and disbursements, including the Surrogate's Court filing fee, be awarded in the amount of **$18,774.78**;

f. That legal fees be awarded in the amount of **$83,333.33**;

g. That, pursuant to EPTL § 5-4.6(a)(2), the Firm be permitted to pay out of its escrow account upon receipt of said settlement payment, the following:

    a. **$18,774.78** to the Firm for reimbursement of costs and disbursements, including the Surrogate's Court filing fee, payable immediately;

    b. **$83,333.33** to the Firm for attorney's fees, payable immediately;

h. That the Firm be directed to hold the balance of the settlement proceeds, in the amount of **$147,891.89**, in an escrow account maintained by the firm;

i. That the issues of allocation, satisfaction of liens, and distribution of the settlement proceeds be remanded to the Surrogate's Court, Kings County.

## CONCLUSION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 3, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York